In re Saul M. HERSHEY, f/k/a Saul M. Hershkowitz, Debtor.

Saul M. HERSHEY, f/k/a Saul M. Hershkowitz, Plaintiff,

v.

Charles H. LINZER, Defendant.

Bankruptcy No. 82–01948–BKC–SMW. Adv. No. 83–0208–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

April 11, 1983.

Theodore A. Jewell, Palm Beach, Fla., for plaintiff.

William M. Winkel, Palm Beach, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This Cause having come before the Court upon a Complaint to Avoid Fixing of a Judicial Lien on Exempt Property and the Court having considered the arguments of counsel and being otherwise fully advised in the premises, makes the following Findings of Fact and Conclusions of Law.

The stipulated facts are as follows:

At all relevant times the debtor has been the owner of a condominium apartment more particularly described as

Unit 1401 in Tower 4 of Quadomain of QUADOMAIN TOWER I and IV, a Condominium, according to the Declaration of Condominium thereof recorded in Official Book 5556, Page 902, Public Records of Broward County, Florida.

Prior to May, 1981, the debtor and his spouse at that time resided at the condominium apartment. In May, 1981, the debtor was divorced but continued to live at the condominium. In February, 1982, a judgment in favor of the defendant was recorded in the public records of Broward County, Florida, creating a judicial lien upon debtor's condominium apartment. In June, 1982, the debtor remarried.

The plaintiff contends that the judgment lien impairs the debtor's homestead exemption and thus may be avoided pursuant to Bankruptcy Code Section 522(f)(1).

Pursuant to Section 522(b)(1) the Legislature of the State of Florida has opted to allow debtors the exemptions provided by state law. See: Fla.Stat. Section 222.20. Fla. Constitution Article X Section 4 provides for homestead exemption and requires that the party seeking to qualify for the homestead exemption must be the owner of the property and head of a family.

The Court finds that the debtor, although the owner of the property, was not the "head of a family" as contemplated by Florida law at the time that the lien was created and thus was not entitled to a homestead exemption at that time.

Bankruptcy Code Section 522(f) provides that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption *to which the debtor would have been entitled* under subsection (b) of this section, if such lien is (1) a judicial lien..." (emphasis added)  Since the debtor was not entitled to an exemption at the time the lien was created, the lien cannot be avoided pursuant to Section 522(f) and thus the relief sought by plaintiff must be denied.

A separate Final Judgment will be entered in accordance with these Findings of Fact and Conclusions of Law.