In re Gene E. WILLIAMS, Debtor.

Patricia Ruth WILLIAMS, Plaintiff,

v.

Gene E. WILLIAMS, Defendant.

Bankruptcy No. 82–00813.
Adv. No. 82–0483.

United States Bankruptcy Court,
N.D. Oklahoma.

March 20, 1984.

Frank R. Hickman, Tulsa, Okl., for plaintiff.

David E. Kumpe, Tulsa, Okl., for defendant.

## MEMORANDUM OF DECISION AND ORDER

MICKEY D. WILSON, Bankruptcy Judge.

This action was brought by Patricia Ruth Williams, plaintiff, who seeks to have certain debts (agreed to and imposed upon the defendant-debtor, Gene E. Williams, pursuant to their Decree of Divorce,) declared non-dischargeable under 11 U.S.C. § 523(a)(5)(B). Defendant-debtor answers by asserting that the indebtedness is dischargeable and further that the lien securing the dischargeable debt is avoidable under 11 U.S.C. § 522(f)(1), and requests the Court to enter an order avoiding the lien.

## I

## FACTS

The parties herein, domiciliaries of the State of Oklahoma, were married on August 13, 1955, and over the course of their twenty-six year marriage acquired certain properties. On June 17, 1982, the District Court of Tulsa County, Oklahoma, granted the plaintiff a divorce. The decree provides, *inter alia,* that the plaintiff be "awarded as her sole and separate property, free and clear of any right, title, claim or interest of the Defendant ... real property, located in Wagoner County, Oklahoma, containing 35 acres more or less ...," and further that the plaintiff have from the defendant-debtor "alimony as and for support in the amount of $167,000.00 ...," payable in monthly installments over a period of nine years, but such liability being excused upon the death or remarriage of the plaintiff. The defendant-debtor was awarded their homestead and the 125 acres on which it is situated, with a judgment for the plaintiff in the sum of $127,000.00 "as a further division of property" operating as a lien upon that same property.

On July 16, 1982, less than one month later, the defendant-debtor filed a voluntary petition for relief under Chapter 7, Title 11. The defendant-debtor claimed his homestead as exempt pursuant to 31 O.S. § 1(1), which has not been challenged. The plaintiff commenced this action on August 3, 1982, asserting that the $127,000.00 award is in the nature of alimony, maintenance, or support and is therefore non-dischargeable under 11 U.S.C. § 523(a)(5)(B). Disputing this contention and the plaintiff's additional contention that the lien is not avoidable, the defendant-debtor answers that the debt is in the nature of a property settlement and that the discharge voids the judgment as to defendant-debtor's personal liability and that the lien is a judicial lien as conceived by 11 U.S.C. § 522(f)(1) and seeks to avoid the judicial lien. The defendant-debtor does not contest, however, the non-dischargeability of the $167,000.00 award to the plaintiff as alimony, maintenance, or support.

## II

## DISCHARGEABILITY

The Court must first decide whether the $127,000.00 award declared by the divorce decree against the defendant-debtor is one which in substance is for alimony, maintenance, or support. The Court finds that it is not and thus the judgment is voided by entrance of the discharge as to the personal liability of the defendant-debtor.

Section 523(a)(5)(B) provides:

(a) A discharge under §§ 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support. ...

The corollary to this rule of discharge is well settled to be that "a property settle-

ment agreement between spouses is dischargeable in bankruptcy, at least where it is truly or substantially a property settlement agreement, and not an agreement for alimony, support, or maintenance." Annot., 74 ALR2d 758, 759, (1960) (emphasis supplied), *Matter of Coil*, 680 F.2d 1170 (7th Cir.1982), *In re Channel*, 23 B.R. 638 (Bkrtcy.W.D.Ky.1982), *In re Kiggins*, 26 B.R. 821 (Bkrtcy.N.D.Ohio 1983), *in accord, Battles v. Battles*, 205 Okl. 587, 239 P.2d 794 (1952), and *Davis v. Davis*, 593 P.2d 88 (Okl.1979).

▇ The controlling factor is the true purpose of the award—whether for support—or whether for a division of property (which may include a division of liabilities,) for if the intent and purpose of the award is for anything other than support, it is thus dischargeable. Several criteria have been developed by the courts to aid in the determination of the substance of divorce agreements.[1] The Court will concern itself with only five, which we believe are dispositive of the issue before the Court, to-wit: (1) the label given by the state court, (2) the context and placement of the disputed provision as it is found within the decree, (3) whether the obligation terminates upon the death or remarriage of the recipient spouse, (4) whether the obligation terminates upon the death of the donor spouse, and (5) whether the award is intended to balance disparate incomes. *In re Anderson*, 21 B.R. 335 (Bkrtcy.S.D.Cal.1982) citing, *In re Ingram*, 5 B.R. 232 (Bkrtcy.N.D.Ga.1980).

▇ The decree is unambiguous on its face. Its judgments and awards are divided into three classes: (1) child custody and support, (2) division of property, and (3) spousal support. It is within this second class, division of property, that the disputed award arises, when seen from the context and organization of the decree. The debt follows on the heels of two relatively lengthy provisos which itemize and distribute, *in toto*, the real and personal property of the parties. It is there labeled "a further division of property" by the state court. The debt itself takes the form of a lump sum judgment wherein no contingency is made to excuse liability upon the debt. To the contrary, the debt is absolute and is scheduled to become due upon the happening of any one of several stated events. This is to be distinguished from the debt labeled "alimony as and for support," which, though provided in sum certain, requires periodic payments over nine years and provides those often cited conditions of death or remarriage of the recipient spouse to excuse liability. The distinction provided by a condition subsequent is almost always indicia of an alimony award.

Finally, it is not without significance that the real property divided among the parties consists of two disparate tracts. The plaintiff is seized with a 35 acre tract, while the defendant-debtor holds in possession their home and 125 acres on which it sits. The inference is strong that the disputed award of $127,000.00 was declared to remedy this inequity. The Court therefore holds that this award is in the nature of property settlement and is dischargeable.

III

LIEN SURVIVABILITY

Inasmuch as the debt herein is dischargeable, it is incumbent upon the Court to briefly consider the survivability of the lien itself. Section 506(d) of the Code makes clear the fact the lien passes through the bankruptcy case unaffected (unless the Court has determined otherwise). See Notes of Committee on the Judiciary, House Report No. 95-595. Section 524 governs the effect of a discharge under § 727, of the Code, which provides in essence that "any judgment obtained at any time with respect to a debt discharged under the above sections to the extent that it is a determination of the *personal* liability of the debtor" is void and the "discharge

---

1. No one factor, in and of itself, is dispositive of the matter. Other factors, not listed above, may be found at *In re Petoske*, 16 B.R. 412, 413–14 (Bkrtcy.E.D.N.Y.1982), and *Hixson v. Hixson*, 23 B.R. 492, 495 (Bkrtcy.S.D.Ohio 1982).

'will operate as an injunction against the commencement or continuation of an action or the employment of process to collect or recover a debt as a personal liability of the debtor.'" *In re Smiley,* 26 B.R. 680, 682 (Bkrtcy.D.Kan.1982). As the Smiley Court elaborates, "these provisions were intended to apply only to the personal liability of the debtor and, although § 524(a)(2) expands the injunction to prohibit creditors' post-discharge attempts to recover from the 'property of the debtor,' the expansion 'does not prevent post-discharge enforcement of a valid lien on property of the debtor existing at the time of the entry of the order for relief, providing such lien was not avoided under the Code ....' '(P)roperty of the debtor' in § 524(a)(2) necessarily refers to property acquired after the filing of the petition commencing the Title 11 case." *Ibid* at 682–683. This is the "majority view" which affirms the survivability of unvoided and unavoided liens, leaving intact the creditor's right to proceed *in rem. In re Weathers,* 15 B.R. 945, 948 (Bkrtcy. D.Kan.1981). If any other result "were intended, then it would behoove every homeowner or automobile owner to file a bankruptcy petition." *Ibid.,* at 951. Therefore, the survivability of this particular lien is subject to a determination of whether it is avoidable.

## IV

## LIEN AVOIDANCE

The defendant-debtor argues that this lien is avoidable since it is judicially sanctioned. However, this issue must be drawn more narrowly than whether this particular lien can be characterized as one "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding," 11 U.S.C. § 101(27), for the statutory language and the legislative history focus not on all judicial liens, but only those judicial liens that arise under certain circumstances.

Section 522(f)(1) states:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such a lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien ....

There is no question here that the lien in the instant case is a judicial one as defined by § 101(27), but the question becomes whether this lien fixes on an interest of the debtor in property.

Turning to the legislative history,[2] Congress has set out a perceived evil that § 522(f)(1) is designed to remedy. Specifically, Congress was cognizant of the fact that wary creditors, upon learning of their debtor's insolvent state, would race to the court house, obtain judgments and levy on any of the debtor's available, unencumbered property or encumbered property in which the debtor has equity. Thus, the apparent evil is that the debtor, upon filing for relief under Title 11 U.S.C., would find himself without any unencumbered property and be "unable to take advantage of his exemption rights." *In re McCormick,* 18 B.R. 911, 913 (Bkrtcy.W.D.Pa.1982). The remedy conceived by § 522(f)(1) "allows the debtor to undo the actions of creditors." H.R.Rep. No. 595, 95th Cong., 1st sess., reprinted in (1978) U.S.Code Cong. & Ad. News 5787, 6087. Without further investigation, it is clear that a lien imposed by a divorce decree does not even remotely resemble the scenario presented here, which presupposes the existence of a property

**2.** ... the bill gives the debtor certain rights not available under current law with respect to exempt property. The debtor may avoid any judicial lien on exempt property, and any nonpurchase money security interest in certain exempt property such as household goods. The first right allows the debtor to undo the actions of creditors that bring legal action against the debtor shortly before bankruptcy. Bankruptcy exists to provide relief for an overburdened debtor. If a creditor beats the debtor into court, the debtor is nevertheless entitled to his exemptions ... H.R.Rep. No. 595, 95th Cong., 1st Sess., reprinted in [1978] U.S.Code Cong. & Ad.News 5787, 6087.

interest in the debtor *before* the attachment of a judicial lien to that interest.

 Likewise, the language of § 522(f)(1) bears out this same premise, as *McCormick*, supra, makes plain:

The language of § 522(f) states that a Debtor can avoid "the fixing of a lien on an interest in property of the debtor." The use of the word "fixing" rather than "fixed" and the phrase "an interest in the debtor" rather than "property of the debtor" prohibits the avoidance of a lien which has attached prior to the debtor's acquisition of the property. In other words, "Congress intended the avoidance of liens that become fixed 'after' the debtor acquired the interest upon which they became fixed."

Thus the Court hewed out a rule, with which we concur, that "a judicial lien which attached to an interest in property prior to the debtor's acquisition of that interest is not avoidable pursuant to § 522(f)(1)" inasmuch as "the phrase 'an interest of the debtor in property' refers to an unencumbered interest at the time of acquisition." *In re McCormick*, supra.

Under this rule, it cannot be said that a judicial lien which arises contemporaneously with a conveyance of property is one that fixes on "an unencumbered interest at the time of acquisition." Rather, the conveyance made by the decree was made *subject*, to the lien in much the same way as a deed which conveys property subject to a mortgage or reversionary interest. Logically, the defendant-debtor's unencumbered interest is determined in direct proportion to the extent his property is encumbered at acquisition. And what is encumbered at acquisition cannot at the same time fix on that which is unencumbered. Therefore, this lien, though judicially sanctioned, does not find itself within the ambit of § 522(f)(1).

It must be mentioned the plaintiff has two separate awards under the judgments: one which awards her a money judgment (for property settlement—which is dischargeable) and one for a lien securing the amount owed (which is not voided by the discharge and in this case not avoidable). Since the debt is dischargeable, the defendant-debtor's personal liability on the $127,-000.00 award is excused, but the lien, which may not be avoided, survives with the plaintiff's *in rem* rights intact, and accordingly, defendant-debtor's prayer for avoidance of plaintiff's lien is denied.

This decision constitutes the findings of fact and conclusions of law required by B.R. 7052 and this Court shall enter an appropriate judgment.

AND IT IS SO ORDERED.