In the Matter of Saul M.
HERSHEY, Debtor.

Saul M. HERSHEY, Appellant,

v.

Charles H. LINZER, Appellee.

No. 83–6567–CIV.
Bankruptcy No. 82–01948–BKC–SMW.
Adv. No. 83–0208–BKC–SMW–A.

United States District Court,
S.D. Florida,
Fort Lauderdale Division.

March 30, 1985.

---

Theodore Jewell, Palm Beach, Fla., for appellant.

William M. Winkel, Palm Beach, Fla., for appellee.

## ORDER

ROETTGER, District Judge.

THIS CAUSE is before the court on appeal from a final judgment that was entered on April 11, 1983, in the United States Bankruptcy Court for the Southern District of Florida. 29 B.R. 214. An appeal was taken pursuant to Bankruptcy Rule 8001. This court has jurisdiction of the appeal pursuant to 28 U.S.C. § 158(a).

### The Avoidance of Judicial Lien on Homestead Property

The appellant, SAUL M. HERSHEY, claims a debtor in bankruptcy may use 11 U.S.C. § 522(f)(1) to avoid the fixing of a judicial lien on property that in the absence of the lien would be exempt, even though under state law the lien would have priority over the exemptions. The appellant appeals from the bankruptcy judge's holding that the judicial lien could not be avoided.

On February 10, 1982, appellee obtained a judgment against appellant in Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. On that day, appellee recorded a certified copy of said judgment in the Public Records of Broward County, Florida. Under § 55.-10(1) Fla.Stat. (1981), this act of recording created a lien on appellant's real property in Broward County.

In February of 1982, appellant was a single man and owned a one-half undivided interest in a condominium located at 2101 South Ocean Drive, Building 4, Apartment 1401, Hollywood, Florida. The other one-half interest was owned by his ex-wife. Appellant was not then entitled to claim the condominium as homestead property; he was not then the head of a household. Accordingly, appellee's judicial lien attached to appellant's interest in the condominium.

In June of 1982, appellant married his present wife and became the head of a household. Under Article X, Section 4, of the Florida Constitution, the condominium became homestead.

Homestead property is exempt from process under Article X, Section 4, of the Florida Constitution insofar as debts of the head of the household are concerned. Accordingly, when appellant filed a petition in bankruptcy on October 7, 1982, he listed as exempt property his condominium pursuant to 11 U.S.C. § 522(f)(1).

Section 522(f)(1) provides that:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; . . .

The apparent intent of this provision is to allow debtors to avoid security interests in some of the items which are described in subsection (b). This section, in part, reads:

". . . an individual debtor may exempt from property of the estate . . .

"(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor [on the date of the filing of the petition] specifically does not so authorize."

Florida chose to "opt out" of the exemptions provided in 11 U.S.C. § 522(d) per Florida Statute § 222.20, Nonavailability of Federal Bankruptcy Exemptions, which reads:

In accordance with the provision of § 522(b) of the Bankruptcy Code of 1978 (11 U.S.C. § 522(b)), residents of this state shall not be entitled to the federal exemptions provided in § 522(d) of the Bankruptcy Code of 1978 (11 U.S.C. § 522(d)). Nothing herein shall affect the exemptions given to residents of this state by the State Constitution and the Florida Statutes.

Appellant's condominium satisfied the conditions necessary to qualify it as exempt homestead property as of the date on which is bankruptcy petition was filed. Appellee's judicial lien encumbered the condominium and impaired the exemption. The legislative history of 11 U.S.C. § 522(f) provides ample support for Appellant's contention that he is entitled to avoid the judicial lien as it affects the condominium.

[T]he bill gives the debtor certain rights not available under current law with respect to exempt property. The debtor may void any judicial lien on exempt property, and any nonpurchase money security interest in certain exempt property such as household goods. The first right allows the debtor to undo the actions of creditors that bring legal action against the debtor shortly before bankruptcy. Bankruptcy exists to provide relief for an overburdened debtor. If a creditor beats the debtor into court, the debtor is nevertheless entitled to his exemptions.

H.R.Rep. No. 595, 95 Cong. 1st Sess. 127 (1977), reprinted in 1978 U.S.Code Cong. & Ad.News, pp. 5787, 6087–88.

In the case of *In Re Maddox*, 713 F.2d 1526 (11th Cir.1983), the United States Court of Appeals, Eleventh Circuit, af-firmed an order of the District Court affirming the decision of the Bankruptcy Court which permitted the debtor to avoid a nonpossession, nonpurchase-money security lien in household goods and furnishings. Agreeing with the District Court's analysis, the Eleventh Circuit adopted the pertinent part of that opinion, 27 B.R. 592 at 594, as its own.

The District Court in *Maddox* found persuasive the dissenting opinion in the case of *Matter of McManus*, 681 F.2d 353 (5th Cir.1982).

This Court finds persuasive Judge Dyer's [1] argument that the federal statute does not permit a state to "opt out" of the lien avoidance provisions of § 522(f). "And under the supremacy clause, United States Constitution, art. VI cl. 2, any conflict between the state lien conservation provision and the federal lien avoidance provision must be constitutionally resolved in favor of federal law." *Id.* at 358.

In the case *sub judice*, this Court finds that at the time that appellant filed his petition in bankruptcy, he was entitled to exempt his entire interest in the condominium as homestead under Article X, § 4, of the Florida Constitution, and 11 U.S.C. § 522(b)(2)(A). Appellee's judicial lien impaired appellant's exemption. Despite the fact that appellee's lien has priority over the homestead exemption under Florida law, this court finds that the lien may be avoided under 11 U.S.C. § 522(f)(1) because of the supremacy clause of the Constitution of the United States.

On consideration whereof, it is

ORDERED AND ADJUDGED that the judgment of the Bankruptcy Court in this cause be, and it is hereby, REVERSED; and this case is hereby REMANDED to the Bankruptcy Court for further proceedings in accordance with the opinion of this court.

---

1. Judge Dyer, an Eleventh Circuit Judge, was sitting on the McManus panel by designation.