**In re Roger Gail SPRICK, Debtor.**

**Bankruptcy No. 85–11554.**

United States Bankruptcy Court,
D. Kansas.

Sept. 18, 1987.

Garry L. Howard, Wichita, Kan., Mark W. Neis, of Neis and Michaux, P.A., Topeka, Kan., for debtor.

James L. Bush, of Windscheffel & Bush, Chartered, Smith Center, Kan., for creditor, Co-op.

Edward J. Nazar, Wichita, Kan., Trustee.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter came for hearing on April 2, 1987, on "Objection of Logan Farmers Union Cooperative Association to Homestead Exemption" and on "Debtor's Application to Avoid Lien of Logan Farmers Union Cooperative Association." The creditor, Logan Farmers Union Cooperative Association, appeared by counsel, James L. Bush. The debtor, Roger Gail Sprick, appeared in person and through counsel, Mark Neis. After taking testimony, this Court requested the parties to file stipulations of fact and proposed findings of fact and conclusions of law.

## FINDINGS OF FACT

Based upon the record, the testimony, and the stipulations of parties, this Court finds as follows:

1. This Court has jurisdiction over the parties and subject matter; venue is proper.

2. On October 7, 1984, Stella Sprick died testate. Her will provided that her two sons, Roger Gail Sprick, debtor herein, and Virgil Sprick, brother of debtor herein, should share as co-equal beneficiaries of her estate (*See Last Will and Testament of Stella Sprick*).

3. Among other assets, Stella left 320 acres of farming land including one 160–acre tract with a house and other improvements. Prior to Stella's death, the debtor lived in the house on the 160–acre tract as a tenant. After Stella's death, the debtor continued to occupy the premises based on his expectation of distribution from his mother's estate.

4. On November 7, 1984, Stella's last will and testament was admitted to the Probate Court of Norton County, Kansas. Pursuant to the will, Roger and Virgil were appointed as co-executors.

5. Prior to October 7, 1984, the debtor, Roger Sprick, had a debtor-creditor relationship with the Logan Farmers Union Co-operative Association (hereinafter "the Co-op").

6. On February 1, 1985, the Co-op filed a petition on its debt in the District Court of Phillips County, Kansas, and filed a Notice of Pendency of Action in both Norton and Phillips County, Kansas, where real estate was owned by Stella Sprick at the time of her death. Further, a Notice of Pendency of Action was filed in the estate proceedings for Stella Sprick.

7. The creditor Co-op never made a claim or exhibited a demand upon the property in the decedent's estate. The estate was distributed without making any allowance for any claim of the creditor Co-op from the decedent's estate except for certain cash assets mentioned in Paragraph "15" of the Journal Entry of Final Settlement.

8. By order of Partial Distribution entered by the Honorable District Judge Wilda Dune Brown, on March 11, 1985, Roger Sprick and Virgil Sprick, as co-executors of

the estate of Stella Sprick, conveyed two separate parcels of real property from the estate. This conveyance was made by Roger Sprick and Virgil Sprick in their capacity as co-executors of their deceased mother's estate. This order was appealed from by the creditor. The appeal was subsequently dismissed by the court (*See Order of Partial Distribution of March 11, 1985*, and *Journal Entry of July 9, 1985*).

9. Under the terms of the Order of Partial Distribution dated March 11, 1985, the debtor Roger conveyed an individual one-half interest in a 160–acre tract from the estate to Virgil in exchange for Virgil conveying an undivided one-half interest in the 160–acre tract in question to Roger. The net result was that both Roger and Virgil ended up with 160–acre tracts listed solely in their names. Roger received the 160–acre tract which he lived on prior to Stella's death. This order has never been set aside, revised, or modified by the District Court of Norton County or a higher court.

10. On May 23, 1985, the District Court of Phillips County, Kansas, entered judgment against the debtor in the amount of $31,577.19 on the debt owing to the Co-op.

11. On August 28, 1985, Roger Sprick filed a petition for relief under chapter 7 of Title 11 of the United States Code. On his Schedule B–4, the debtor claimed as exempt as a homestead his interest in 160–acre tract which he received under the partial order of distribution.

12. On September 26, 1985, the creditor, Logan Farmers Union Cooperative Association, filed an objection to the homestead exemption and claimed they had a *Lis Pendens* lien on the real estate.

13. On October 17, 1985, the debtor filed an application to avoid the Lis Pendens lien on the homestead. A notice with opportunity for hearing on the application was sent out. Under this notice, the creditor had 20 days to object to the lien avoidance.

14. On November 5, 1985, the objection of Logan Farmers Union Cooperative Association to the homestead exemption came for hearing. The Court held the matter over until the lien avoidance issue could be determined.

15. On April 2, 1987, the Court heard arguments on both the objection to homestead exemption and the application to avoid the lien.

## CONCLUSIONS OF LAW

In a nutshell, the debtor Roger Gail Sprick, claims the entire 160 acres of farmland in question as his homestead. As such, he argues that the property is exempt under Kan.Stat.Ann. § 60–2301. The creditor, Logan Farmers Union Co-operative Association, on the other hand, objects to the debtor claiming the whole 160 acres as exempt. The creditor argues that the 80 acres or one-half interest which was acquired from the debtor's brother, Virgil Sprick, on March 11, 1985, is subject to lien pursuant to Kan.Stat.Ann. § 60–2202. The debtor responds to this argument by trying to avoid the lien under section 522(f)(1) of the Code. The debtor also raised very serious questions about the actual validity of the lien based on both Kansas probate law and lien law. However, this Court need only address the avoidance of lien question to dispose of this matter.

At first glance, this case appears to be routine. Certainly, the debtor's homestead claim falls squarely within the parameters of section 60–2301 of the Kansas statutes. All the requirements are met: (1) The debtor is only claiming a homestead to the extent of 160 acres of farming land; and (2) prior to his mother's death, after his mother's death, and on the date of filing of the bankruptcy petition, the debtor occupied the house on the land as a residence. Furthermore, the creditor's purported lien appears to fall squarely within the judicial lien avoidance section under the Code. Section 522(f)(1) provides that if a lien is a judicial lien, "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption." The creditor's purported judicial lien is impairing the debtor's homestead exemption.

However, the creditor has raised a perplexing argument that complicates matters

substantially. The creditor argues that section 522(f)(1) only avoids judicial liens that attach to land *after* it qualifies as a homestead, and that its lien attached to the one-half interest or 80 acres acquired from the brother *prior* to the debtor's acquisition of the interest. As such, the creditor argues the lien cannot be avoided.

 This Court must agree with at least the premise proffered by the creditor, a judicial lien which attaches to an interest in property *prior* to the debtor's acquisition of that interest in property is *not* avoidable under section 522(f)(1). This proposition is fully explained in the case of *In re McCormick*, 18 B.R. 911 (Bankr.W.D.Penn.1982). *McCormick* stated in part:

There are three issues before the Court. The first is whether a Debtor can avoid a judicial lien pursuant to Section 522(f)(1) when the lien had attached prior to the Debtor's acquisition of the property? The second issue is whether the avoidance of a judicial lien pursuant to § 522(f)(1) which was acquired subsequent to the passage of the Bankruptcy Reform Act but prior to its effective date violates the lien holder's constitutional right to substantive due process of law? The third issue is whether a defendant is permitted to raise the affirmative defense of fraud when it had failed to do so in its Answer to the Debtor's Complaint to Avoid Judicial Liens?

The resolution of the first issue is dependent upon our interpretation of the phrase, "the fixing of a lien on an interest of the debtor in property," which appears in 11 U.S.C. § 522(f). Section 522(f) provides in pertinent part:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ... if such a lien is—

(1) a judicial lien ...

Legislative history provides some indication of the congressional reasoning behind § 522(f):

... the bill gives the debtor certain rights not available under current law with respect to exempt property. The debtor may avoid any judicial lien on exempt property, and any nonpurchase money security interest in certain exempt property such as household goods. The first right allows the debtor to undo the actions of creditors that bring legal action against the debtor shortly before bankruptcy. Bankruptcy exists to provide relief for an overburdened debtor. If a creditor beats the debtor into court, the debtor is nevertheless entitled to his exemptions ... H.R.Rep. No. 595, 95th Cong., 1st Sess., **reprinted in** [1978] U.S.Code Cong. & Ad.News 5787, 6087.

The House Report indicates that § 522(f) is intended to protect the Debtor from creditor action against his "unemcumbered" property. The Report states that the avoidance right "allows the debtor to undo the actions of creditors that bring legal action against the debtor shortly before bankruptcy." The phrase suggests that Congress is concerned that when a Debtor becomes unable to meet his financial obligations, creditors will take quick action to reduce their claims to judgment. The consequence being that the Debtor will not retain any unencumbered property. Thus when he does file a bankruptcy petition, all his property could be encumbered. He would, therefore, be unable to take advantage of his exemption rights. We believe the Report contains the implicit assumption that the Debtor must have acquired the property interest "before" the creditor attached a lien to it. It is unreasonable in light of the Report's language to attribute to Congress an intent to allow a Debtor to void a lien which had attached to property prior to its acquisition by the Debtor. Such a construction would encourage collusive transfers. For example, an individual could convey encumbered property to an indigent person who would then file a bankruptcy petition, avoid the lien, and reconvey the property to the original owner. This Court does not believe that Congress intended § 522(f) to be used as a device to defraud judicial lien holders.

The language of § 522(f) states that a Debtor can avoid "the fixing of lien on an interest in property of the debtor." The use of the word "fixing" rather than "fixed" and the phrase "an interest in property of the debtor" rather than "property of the debtor" prohibits the avoidance of a lien which has attached prior to the Debtor's acquisition of the property. In other words, "Congress intended the avoidance of liens that became fixed 'after' the debtor acquired the interest upon which they became fixed." *In re Scott*, 12 B.R. 613 (Bkrtcy. W.D.Okla.1981).

*Id.* at 913–14. The premise is also supported by several other cases. *In re Williams*, 38 B.R. 224 (Bankr.N.D.Okla. 1984); *In re Stephens*, 15 B.R. 485 (Bankr. W.D.N.C.1981); and *In re Scott*, 12 B.R. 613 (Bankr.W.D.Okla.1981).

█ However, the premise is the only part of the creditor's argument with which this Court agrees. The fallacy of the creditor's argument is that their purported judicial lien under Kansas lien law had to attach, if at all, *subsequent* to rather than prior to the debtor acquiring his brother's undivided one-half interest. Kan.Stat.Ann. § 60–2202 provides that any judgment rendered in this state shall be a lien *"on the real estate of the judgment debtor"* and shall be effective from the time at which the petition stating the claim was filed. In this case, at the time the creditor's petition was filed in Phillips County, on March 11, 1985, the undivided one-half interest in real estate was owned by the brother, not by the judgment debtor. Under Kan.Stat. Ann. section 60–2202, the debtor would take the brother's share of his 160 acres free of any lien since the judgment was against him and his property, not his brother's.

IT IS THEREFORE, BY THE COURT, ORDERED That the creditor's objection to the debtor's homestead exemption is OVERRULED and the debtor's application to avoid lien is SUSTAINED.