**In re Lawrence Paul KEENAN and Glenda Christine Keenan, Debtors.**

**Lawrence Paul KEENAN and Glenda Christine Keenan, Applicants,**

v.

**MT. CARMEL CREDIT UNION, Respondent.**

**Bankruptcy No. 84 B 94524 C.**

United States Bankruptcy Court, D. Colorado.

Oct. 13, 1989.

Anthony R. Cross, Colorado Springs, Colo., for debtors/applicants.

Tuck Young, Pueblo, Colo., for creditor/respondent.

## MEMORANDUM OPINION AND ORDER

PATRICIA A. CLARK, Bankruptcy Judge.

This matter is before the Court upon the debtors' motion to avoid the lien of creditor Mt. Carmel Credit Union and the creditor's response thereto. This opinion addresses whether the Court had jurisdiction to reopen the case and hear the motion to avoid the judicial lien; whether the judicial lien creditor is barred by Bankruptcy Rule 4003(b) from raising the an objection to the claimed exemption as a defense to the motion; and whether the debtors are entitled to void the judicial lien to the extent that it impairs their homestead exemption.

The essential facts are as follows. On September 20, 1984, the debtors filed a Chapter 7 bankruptcy petition. On that date, the debtors were living at 4042 Valley Drive, Pueblo, Colorado which is the property upon which the homestead exemption was claimed. They lived there from 1976 to July 1983 and from August of 1984 to June of 1985. The creditor was listed on the debtors' bankruptcy statements and schedules. The debtors received their discharge on February 21, 1985.

In 1983, Mr. Keenan accepted a job in Glenwood Springs, Colorado. Due to the job change the debtors moved from Pueblo to Rifle and purchased a home there. They rented the property in Pueblo for a one year lease term. Mr. Keenan's job in Glenwood Springs did not work out and the debtors fell behind on the mortgage payments due on the house in Rifle. Nevertheless, they continued to make the payments on the house in Pueblo with the income received from the lessees and with money borrowed from their parents.

In June of 1984 the creditor filed suit against the debtors due to the debtors' loan default. The creditor obtained a default judgment against the debtors on July 9, 1984 and recorded it on July 11, 1984 in Pueblo County Colorado.

A copy of a letter was admitted in to evidence which was purportedly written by the debtors on July 10, 1984 to the lessees of the Pueblo house advising them of the debtors intent to move back into the property. In August of 1984, the debtors returned to Pueblo and reoccupied the Valley Drive property.

On January 20, 1989. The debtors filed their motion to reopen their bankruptcy case to allow them to void judgment liens on the Pueblo property of which they had not been aware prior to receiving their discharge. The debtors were unable to sell the Valley Drive property due to the liens against it. There is no certificate of mailing for the motion to reopen indicating that the creditor was notified of such motion. On January 30, 1989, the Court ordered that the case be reopened. On February 7, 1989, the motion to void this creditor's lien was filed.

The debtors contend that they are entitled to void the creditor's judicial lien pursuant to 11 U.S.C. § 522(f) because it impairs the debtors' homestead exemption. The debtors assert that they were entitled to a homestead exemption on the house in Pueblo at the time the creditor's judgment lien was filed on July 11, 1984. In support of this claim the debtors allege that their intent to return to the house in Pueblo was evidenced by the letter dated July 10, 1984 to the then current lessees, wherein they set forth their intent to reoccupy the house. Further, the debtors maintain that they are entitled to avoid the lien even if it attached prior to their homestead exemption because they maintained an interest in the property during the time that they lived outside of Pueblo. The debtors cite *In re Chandler*, 77 B.R. 513 (Bankr.E.D.Pa.1987) in support of that assertion.

Alternatively, the debtors argue that to the extent the lien takes priority under state law over their exemption, there is a

conflict with the Bankruptcy Code, hence, the supremacy clause of the United States Constitution would require the Court to void the lien. The debtors cite *In re Hershey*, 50 B.R. 329 (S.D.Fla.1985) in support of that position.

The creditor maintains that the debtors are not entitled to a homestead exemption and thus, the creditor's lien cannot be avoided. First, the creditor asserts that the Court has no authority or basis to grant the debtors' motion to void the lien, because the case was reopened without notice to the creditor and therefore the Order reopening the case is invalid. Next, the creditor contends that the debtors did not meet the requirements of the Colorado Homestead Exemption statute at the time that the judgment against them was recorded and accordingly, the creditor's lien supercedes the homestead exemption. The creditor broadly pleads estoppel, waiver and laches as miscellaneous other reasons why relief is not appropriate. Finally, the creditor asserts that the debtors are not entitled to a homestead exemption on the subject property because they no longer live there.[1]

I. Jurisdiction.

■ The threshold issue to be resolved is whether this Court has jurisdiction to grant the motion to void lien. The Creditor claims that the debtors' failure to serve the motion to reopen upon them pursuant to Bankruptcy Rule 2002 or 9014 makes any order opening the case invalid. Briefly, the process for reopening a case is as follows. First, pursuant to 11 U.S.C. § 350, a case may be reopened to accord relief to the debtor or for other cause. *See In re Hawkins*, 727 F.2d 324 (4th Cir.1984) (Court has discretion to reopen case for filing of lien avoidance complaint). Bankruptcy Rule 5010 permits a case to be reopened, upon the motion of the debtor. Bankruptcy Rule

9013 applies to motions filed pursuant to § 350. Bankruptcy Rule 9013 states that:

> Every written motion other than one which may be considered ex parte shall be served by the moving party on the trustee or debtor in possession and on those entities specified by these rules or, if service is not required or the entities to be served are not specified by these rules, the moving party shall serve the entities the court directs.

Neither the Code nor the Rules specify that notice of a motion to reopen is required to be given to creditors. Nor did the Court direct the debtors to serve notice on any parties.

Where cause is shown, the Court typically grants motions to reopen ex parte and any objections to reopening are more properly raised by the parties against whom specific relief is sought. This action is consistent with the legislative history which notes that, "[t]hough the court may permit reopening of a case so that the trustee may exercise an avoiding power, laches may constitute a bar to an action that has been delayed too long." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 338 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 49 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5835, 6294. Hence, the Court finds that the Order reopening the case is valid and the Court has jurisdiction to determine whether the creditor's lien may be avoided.

II. Timeliness of the Objection to the Claimed Exemption.

There is another preliminary issue which was not raised by either of the parties. That issue is whether Bankruptcy Rule 4003(b) precludes the creditor from challenging the debtors' entitlement to a homestead exemption in a motion to void lien proceeding when the creditor failed to timely raise an objection to the debtors' exemption.

---

1. The creditor also questioned whether it is appropriate to void a judicial lien on real property pursuant to 11 U.S.C. § 522(f). This matter has been decided by *In re Duden*, 102 B.R. 797 (D.Colo.1989), which held that "debtors can and may use § 522(f) to obtain a judicial declaration

of avoidance of a lien on real property ... That section reinforces the fresh start concept embodied in bankruptcy law, by preventing an encumbrance on an asset which the Code intends to spring free after bankruptcy."

Bankruptcy Rule 4003(b) requires that objections to the list of property claimed as exempt be made within 30 days after the § 341 meeting of creditors. This jurisdiction has spoken conclusively on Rule 4003(b) in *In re Keyworth*, 47 B.R. 966 (D.Colo.1985). There the Court held that to allow an untimely objection to claimed exemptions "would be to impermissibly amend Rule 4003(b) which is clear and unequivocal." *Id.* at 970.

The Courts that bar the creditor from raising the exemption objection in a void lien proceeding emphasize that the time limit in Rule 4003(b) was established to set a cutoff point at which debtors could be certain of the objections that had been made. Those jurisdictions are concerned that allowing creditors to wait until the § 522(f) action is commenced to raise the exemption objection will result in undermining the time limitation rule and create further delay. *E.g. In re Grethen*, 14 B.R. 221, 225 (Bankr.N.D.Iowa 1981); *In re Van Pelt*, 83 B.R. 617 (Bankr.S.D.Iowa 1987). *Contra, In re Montgomery*, 80 B.R. 385, 388–89 (Bankr.W.D.Tex.1987) (the case determined that the failure of a judicial lien creditor to timely object to the debtor's exemption claims cannot trigger traditional principles of equitable estoppel, judicial estoppel, collateral estoppel or estoppel by silence). *See also In re Allen*, 725 F.2d 290, 292–93 (5th Cir.1984); *In re Roehrig*, 36 B.R. 505 (Bankr.W.D.Ky.1983).

The Court finds that Rule 4003(b) is rendered meaningless if a creditor is allowed to raise an untimely exemption objection in a proceeding to void a lien. Furthermore, Rule 4003(b) promotes consistency in the construction of § 522(f) and (*l*). The recognized standard of statutory construction requires that all subsections must be given meaning and they must coexist. *Nevada Power Co. v. Watt*, 711 F.2d 913, 920 (10th Cir.1983). Hence, the exemptions determined by § 522(*l*) will not be disregarded in proceedings to void liens pursuant to § 522(f).

■ The foregoing analysis of 4003(b) does not address the critical question of whether a judicial lien creditor, holding a lien which attached prior to the exemption right, has an obligation to raise its objection to the exemption claimed within the time allowed by that rule. There is a dearth of authority on this issue.[2] However, it does not appear that the Colorado homestead statute and case authority would require such an objection to be filed.

In Colorado the statutory basis for a homestead exemption is set forth in Section 38–41–201 C.R.S. which provides that:

> Every homestead in the state of Colorado occupied as a home by the owner thereof or his family shall be exempt from execution and attachment arising from any debt, contract, or civil obligation not exceeding in value the sum of twenty thousand dollars in actual cash value in excess of liens or encumbrances on the homestead property *in existence at the time of any levy or execution thereon.* (Emphasis added).

The plain language of the statute and the case authority construing it indicate that judicial liens which attach prior to the placement of the homestead right should not be voided and should be treated like consensual liens in which the debtor has expressly waived the homestead exemption. *See In re Lincoln*, 30 B.R. 905, 903 (Bankr.D.Colo.1983) citing *Patterson v. Serafini*, 187 Colo. 209, 532 P.2d 965 (1974); *Sterling National Bank v. Francis*, 78 Colo. 204, 240 P. 945 (1925); *Weare v. Johnson*, 20 Colo. 363, 38 P. 374 (1894).

To determine the value of a homestead exemption in Colorado, prior judicial liens and consensual liens in which the debtor has expressly waived the exemption are added together to determine the cash value of the property, if any, in excess of those liens. An amount up to $20,000 of the

---

**2.** Only the case of *In re Hahn*, 60 B.R. 69 (Bankr.D.Minn.1985), implies that such a judgment lien creditor would have an affirmative obligation to object to the exemption. However, it appears from the summarily stated facts that the creditor questioned whether the debtor was entitled to a homestead exemption, not whether its lien had priority over the exemption right.

excess cash value is the homestead exemption amount. *In re Lincoln*, 30 B.R. at 908.

Since prior judicial liens and consensual liens are treated similarly to calculate the value of the exemption, the Court must determine if there is a compelling reason to treat the holder of a judicial lien differently than the holder of a consensual lien with respect to objections to claimed exemptions. A debtor is not allowed to exempt real property which he has voluntarily impaired. *See, e.g., In re Grosso*, 51 B.R. 266 (Bankr.D.N.M.1984) (debtor was entitled to the homestead exemption except to the extent he had voluntarily impaired it through a consensual lien); *In re Lincoln*, 30 B.R. 905. Thus, where the debtor has waived the homestead exemption in favor of a consensual lien holder, that lienor has no obligation to raise an objection to the claim of exemptions. The Court finds no compelling reason to require a judicial lien creditor whose right under state law attached prior to the exemption right to be treated any differently than that consensual lien holder.

In sum, the debtor cannot use § 522(*1*) and Rule 4003 to acquire a homestead exemption when either or both a judicial or consensual lien attaches prior to the homestead exemption right. Hence, such a judicial lien creditor does not have a burden to object to a homestead exemption claim within the time allowed under Rule 4003 and may raise an objection to the exemption claimed as a defense to the § 522(f) lien avoidance proceeding.[3]

### III. Avoidance of Judicial Lien on Homestead Property

The final substantive issue to be resolved is whether the debtor is entitled to void this creditor's judicial lien pursuant to § 522(f). The language of § 522(f) does provide some indication of the Congressional intent in this area. Section 522(f) provides in pertinent part:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ... if such a lien is—

(1) a judicial lien ...

The majority of Courts have construed the language "the fixing of a lien on an interest of the debtor in property" as implying that the debtor must have acquired the property interest "before" the creditor attached a lien to it. *See In re Owen*, 877 F.2d 44 (11th Cir.1989); *In re McCormick*, 22 B.R. 997 (W.D.Penn.1982); *In re Williams*, 38 B.R. 224 (Bankr.N.D.Okla. 1984); *In re Sprick*, 78 B.R. 292 (Bankr.D. Kan.1987). Thus, "a judicial lien which attached to an interest in property prior to the debtor's acquisition of that interest is not avoidable pursuant to § 522(f)(1) inasmuch as the phrase 'an interest of the debtor in property' refers to an unencumbered interest at the time of acquisition." *In re Williams*, 38 B.R. at 228 (citation omitted).

The debtors assert that since they held an interest in the property at all times, that should be sufficient to allow them to avoid the lien. They make that assertion notwithstanding that they did not occupy the property at the time the lien attached, and hence under Colorado law were not entitled to a homestead exemption. In support of their contention they ask the Court to follow the minority position stated in *In re Chandler*, 77 B.R. 513 (Bankr.E.D.Penn. 1987).

The Court in *Chandler* allowed two debtors, who at the time of their bankruptcy were legal owners of the homestead property, to void a lien which attached to that property while they were its beneficial owners. The Court criticized those cases which interpret § 522(f)'s judicial history as requiring that a judgment lien is avoidable only if it attached to the property subsequent to the acquisition of that property. Instead, the Court focused on the 'fresh start' intended by Congress which would include equity in a residence. Finally, the

---

**3.** This determination is consistent with the 11th Circuit Court statement in *In re Owen*, 877 F.2d 44, 47 (1989), that "Congress did not intend through section 522(f), however, to provide a

federal exemption greater than that protected by state law where the exemption is created by state law."

Court noted that the debtors' beneficial interest in the property at the time the lien attached may have been sufficient, in itself, to allow the debtors to avoid the lien at issue.

The Court is not persuaded by the minority position. Furthermore, the Court does not find that Colorado law would allow debtors and their families who voluntarily abandon one homestead to be able at a later date to reclaim that homestead and consider that any intervening recorded judicial liens have not attached. In this case, although the debtors evidenced an intent to return to the house in Pueblo prior to the judicial lien attaching, intent to occupy is not enough to qualify for an exemption under the Colorado statute and relevant Code authority. *Cf. e.g., In re Brent*, 68 B.R. 893 (Bankr.D.Vt.1987) (debtor entitled to claim a homestead exemption in property since he was absent from the homestead due to court orders related to a divorce decree). Thus, this Court adopts the majority view and will not allow judicial liens which attached prior to the homestead right to be avoided pursuant to § 522(f).[4] Any other ruling would thwart state law by allowing debtors to obtain exemptions which they would not otherwise be entitled.

Finally, the debtors argue that the lien should be voided because the Code allows them to void judicial liens on exempt property notwithstanding contrary state law. They urge the Court to adopt the holding of *In re Hershey*, 50 B.R. 329 (S.D. Fla.1985).[5] That case held that a judicial lien was avoidable under the Bankruptcy Code, notwithstanding that under Florida law, the lien had priority over the homestead exemption. There the debtor's property was exempt homestead property as of the date of the bankruptcy petition, however under Florida law it was subject to a judicial lien which attached prior to the homestead right. The Court reasoned that although a state may chose to opt-out of the exemptions provided in § 522(d), it cannot opt out of the lien avoidance provisions of § 522(f) and therefore to the extent that any lien impairs the exemptions to which a debtor is entitled, it can be avoided. Thus, the Court held that the creditor's judicial lien could be avoided because of the supremacy clause of the United States Constitution.

In the context of § 522(f)(1), this Court is not persuaded by the holding in *Hershey*. The cases that *Hershey* relied upon dealt with state statutes that did not allow debtors to exempt encumbered household goods. Those cases are not apposite. The Colorado homestead exemption statute does not apply to only unencumbered homesteads. Debtors with encumbrances which attached prior to their homestead right may still exempt the full statutory amount if there is enough cash value in the property after those liens are deducted.

In conclusion, this Court finds as follows. This case was properly reopened and the Court has jurisdiction over it. The creditor is not prevented by Bankruptcy Rule 4003 from raising its objection to the claimed homestead exemption in defense of the motion to void the lien. Finally, the debtors are not entitled to avoid the creditor's judicial lien because the judicial lien attached prior to the debtors' homestead exemption interest in the property.

ORDERED THAT the debtors' motion to avoid the judicial lien of Mt. Carmel Credit Union is denied.

---

4. Such a lien may be avoided as a preference to the extent that it occurs within the preferential transfer period and an action to avoid it is timely commenced.

The lien in this case did attach within 90 days of the filing of the petition, however, neither the trustee nor the debtors brought an action to avoid it within the two year statute of limitations set forth in 11 U.S.C. § 546(a) which is applicable to § 522(h) actions. At this point, the only cause of action that the debtors may have is against their attorney for failure to file a preference complaint.

5. This case was effectively reversed by *In re Owen*, 877 F.2d 44 (11th Cir.1989), which held that a debtor could not avoid a judicial lien on homestead property where the state had "opted out" of the federal exemptions, and an exception to the state law creating the homestead exemption would permit the lien to be enforced.