In re William E. **BRAYSHAW.**

William E. **BRAYSHAW,**
Debtor/Appellant,

v.

H. Christopher **CLARK,**
Trustee/Appellee.

Civ. A. Nos. 89–B–1810, 89 B 6309 A.

United States District Court,
D. Colorado.

Feb. 9, 1990.

---

Paul D. Rubner, Rubner & Kutner, P.C., Denver, Colo., for debtor/appellant.

H. Christopher Clark, Denver, Colo., trustee.

Paul G. Quinn, Denver, Colo., for trustee/appellee.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Appellant, William E. Brayshaw (Brayshaw or debtor), appeals the Bankruptcy Court's October 5, 1989 order granting Trustee a 60 day extension of time to object to the debtor's exemptions. I reverse.

On May 10, 1989, Brayshaw filed his Chapter 7 petition in bankruptcy. In his petition, he claimed as exempt property his homestead interest in his residence, a profit sharing plan, an IRA, and a 401k retirement plan.

On June 21, 1989, pursuant to 11 U.S.C. § 341, the meeting of creditors was commenced and concluded. At that meeting, the Trustee requested certain documents pertaining to debtor's exemptions which were forwarded to him on July 5, 1989.

On July 30, 1989, thirty days after the § 341 meeting, the Trustee filed a motion for a 60 day extension of time to object to debtor's exemptions. Trustee's motion was accompanied by a notice pursuant to Rule 23 of the Local Rules of Procedure of the Bankruptcy Court, which required debtor to respond to Trustee's motion by August 14, 1989.

On August 10, 1989, debtor responded to Trustee's motion by filing a motion to strike the motion for the 60 day extension of time. The bankruptcy court set the matter for hearing on October 5, 1989. Because the motion for extension of time, if granted, would have required the Trustee to file objections to debtor's exemptions by September 19, 1989, Trustee filed objections on that date, although no notice was given to the debtor or his attorneys until October 2, 1989.

After oral argument, the bankruptcy court concluded that the Trustee's motion for extension of time was filed timely and granted Trustee's request for a 60 day extension of time *nunc pro tunc* to file objections to debtor's claimed exemptions. The court noted that the Trustee had an obligation pursuant to Fed.R.Civ.P. 11 and Bankruptcy Rule 9011 to investigate matters before filing objections. The court recognized that "what I am doing is not technically in strict accord with [the language of the Rules], but the case law and equity in getting to a hearing on the merits almost compelled that determination that the extension of time should be granted." As additional rationale for its decision, the bankruptcy court stated that the heavy bankruptcy case load makes it virtually impossible for the court to act swiftly to meet all debtors' and creditors' legitimate needs and because of the overload, the situation demands that the court exhibit some flexibility. On October 13, 1989, I granted Brayshaw leave to take an interlocutory appeal.

Brayshaw contends that the bankruptcy court erred when it granted the Trustee a 60 day extension of time *nunc pro tunc* to file objections to the debtor's claimed exemptions. He argues that to be timely, the motion for extension of time had to be filed and granted by the court within the initial 30 day period provided in Bankruptcy Rule 4003(b). I agree.

Bankruptcy Rule 4003(b) provides in pertinent part that:

> The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors ... unless, *within such period*, further time is *granted* by the court.... (Emphasis added).

Rule 4003(b)'s 30 day time limit for objecting to a claim of exemption may be enlarged by the court "only to the extent and under the conditions stated in [that rule]." Bankruptcy Rule 9006(b)(3).

The reason for the 30 day requirement is to ensure timely notice to the debtor that the trustee objects to his claimed exemptions. *Matter of Young,* 806 F.2d 1303, 1305 (5th Cir.1987). Courts strictly enforce the 30 day time limit for filing objections. *See e.g. In re Keyworth,* 47 B.R. 966 (D.Colo.1985); *In re Keenan,* 106 B.R. 239 (Bkrtcy.D.Colo.1989).

The rule provides that the time period for filing objections to exemptions may be extended only by the court and only if the extension is granted within the original time period. Rule 4003(b); *See* King, *Collier on Bankruptcy* § 4003.04[1] at 4003–10 (15th ed.1987). To allow the filing of objections to claimed exemptions outside the 30 day period where, as here, the trustee's motion for extension of time was made within the required time period, but the court did not grant the motion until after the 30 day period had expired, "would be to impermissibly amend Rule 4003(b) which is clear and unequivocal." *In re Keyworth, supra,* at 970 (Brumbaugh, J.); *In re Keenan, supra.* at 242 (Clark, J.). Accordingly, IT IS

ORDERED that the bankruptcy court is REVERSED. Each party is to bear its own costs on interlocutory appeal.