**In the Matter of Charles Randall STEPHENS, Debtor.**

**Charles Randall STEPHENS, Plaintiff,**

v.

**WALTER E. HELLER WESTERN, LTD.; Intermark Shoe Company, a division of International Seaway Trading Company; W. F. Stephens Manufacturing Company, Inc.; Judith McCann Designs, Inc.; and Suave Fashions, Inc., Defendants.**

**Bankruptcy No. C–B–81–411. Adv. No. 81–0248.**

United States Bankruptcy Court, W. D. North Carolina, Charlotte Division.

Nov. 17, 1981.

Joseph W. Grier, III, Charlotte, N. C., for plaintiff.

Laurence A. Cobb, Charlotte, N. C., for defendant.

## JUDGMENT

MARVIN R. WOOTEN, Bankruptcy Judge.

THIS CAUSE coming on for trial and being tried before the undersigned Bankruptcy Judge;

And the Court having considered evidence heard in the cause and the stipulations of counsel for the plaintiff and defendants, makes the following FINDINGS OF FACT:

1. Charles Randall Stephens acquired certain real property described as 6449 Williams Road, Charlotte, North Carolina, which is the subject matter of the adversary proceeding, by Deed dated August 31, 1977, and duly recorded.

2. Judgments were docketed in favor of the individual defendants at various times between October 13, 1978 and February 2, 1979 on which there was a cumulative balance of $2,372.49 plus accrued interest and court costs due and owing at the time of the filing of this Complaint.

3. Charles Randall Stephens conveyed the subject property to his brother, John William Stephens, by Deed dated March 15, 1979, and duly recorded. The property was conveyed subject to the lien of Deeds of Trust securing debts to Mutual Savings & Loan Association and Metrolina National Bank, such Deeds of Trust having been recorded prior to the entry of any of the judgments of the defendants.

4. John William Stephens conveyed the subject property to Charles Randall Stephens by Deed dated April 11, 1981, and duly recorded.

5. Charles Randall Stephens filed a Chapter 7 bankruptcy petition on April 14, 1981, and claimed and was allowed as exempt equity in the subject property not to exceed $7,900.00.

6. The subject property had an approximate value of $17,000.00 at the time of the filing of the bankruptcy petition and was subject to a lien in favor of Mutual Savings & Loan Association on its Deed of Trust of $13,841.19 and a lien in favor of Metrolina National Bank on its Deed of Trust in the amount of $624.53.

BASED upon the foregoing FINDINGS OF FACT, the Court makes the following CONCLUSIONS OF LAW:

1. At the time the property known as 6449 Williams Road was conveyed to Charles Randall Stephens by John William Stephens, it was subject to the individual judgment liens of the defendants in this cause of action.

2. The debtor by transfer to his brother divested himself of all interest in the subject property, at a point in time at which the liens sought to be avoided had already attached. Thus when the debtor reobtained the property he did so subject to the judgment liens thereon and his extent of ownership did not include that portion of the property encumbered by the judgment liens, and therefore he cannot claim an exemption therein. The fruits of the debtor's frauds have come home to rest, and such rest should go undisturbed by a court of equity. He sought to cheat and got cheated, and must now know that as he set out to cheat and deceive, a tangled web he did weave, thereby cancelling his authority to benefit from Section 522(f).

3. The judgment liens of the individual defendants do not impair the debtor's interest in the subject property so as to allow

the avoidance of such liens in accordance with the provisions of Section 522(f) of the Bankruptcy Code.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the liens sought to be avoided by the plaintiff in this case be and the same are hereby declared to be non-avoidable under the provisions of Section 522(f) of the Bankruptcy Code.

IT IS FURTHER ORDERED that the judgment liens sought to be avoided by the plaintiff be and the same are hereby declared to be valid and in full force and effect.

IT IS FURTHER ORDERED that the plaintiff pay the costs of this action.