**In re: William Andrew REHKOW, Debtor,**

**William Andrew Rehkow, Appellant,**

v.

**Kimberly Lewis, Appellee.**

No. 06–16807.

United States Court of Appeals, Ninth Circuit.

Submitted June 4, 2007.*

Filed June 29, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

342

---

Terrie S. Rendler, Esq., Ryan Rapp & Underwood, Phoenix, AZ, for Appellee.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

William A. Rehkow (Rehkow) appeals pro se from a decision by the Bankruptcy Appellate Panel (BAP) affirming the bankruptcy court's summary judgment in favor of Rehkow's ex-wife, Kimberly Lewis (Lewis). Lewis filed a complaint seeking to have certain fees stemming from the divorce deemed a non-dischargeable debt. The bankruptcy court determined that $12,482.37 was a non-dischargeable support obligation pursuant to 11 U.S.C. § 523(a)(5). We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.

We review de novo all decisions of the BAP. *In re Johnston*, 21 F.3d 323, 326 (9th Cir.1994). The parties are familiar with the prior proceedings.

The question whether a debt is a non-dischargeable support obligation is a factual determination by the bankruptcy court as a matter of federal law, but a particularly relevant factor is how the state characterizes the debt. *See In re Chang*, 163 F.3d 1138, 1140 (9th Cir.1998). In this case, the bankruptcy court considered that the Arizona Superior Court awarded $12,482.37 pursuant to Ariz.Rev.Stat. § 25–324 (Dissolution of Marriage, Attorneys' Fees) for fees incurred as a result of custody issues concerning the parties' child. Attorneys' fees, as well as fees of professionals appointed to assist the court in resolving custody disputes, fall within the exception for discharge for support obligations. *Id.* at 1141. Rehkow failed to establish a genuine issue of material fact regarding the nature of the fees. Accordingly, the bankruptcy court did not err in its determination that Rehkow's debt in the amount of $12,482.37 is founded on an obligation of support and is therefore non-dischargeable under 11 U.S.C. § 523(a)(5).

The decision of the BAP is affirmed.

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.