**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

In re:                          )      BAP No. CC-16-1086-TaFMc
                                )
JOSEPH M. GATELY,               )      Bk. No. 9:11-bk-12041-PC
                                )
              Debtor.           )
_____ )
                                )
JOSEPH M. GATELY,               )
                                )
              Appellant,        )
                                )
v.                              )      **MEMORANDUM**[*]
                                )
BRIAN MOORE; ELIZABETH F.       )
ROJAS, Chapter 13 Trustee;      )
JONI JENEA GATELY,              )
                                )
              Appellees.[**]    )
_____ )

Submitted Without Oral Argument[***]
on October 21, 2016

Filed – November 15, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Peter H. Carroll, Bankruptcy Judge, Presiding

_____

[*]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

[**]   Neither Brian Moore nor Elizabeth Rojas filed a brief on appeal. As a result, they waived the opportunity to appear in this case.

[***]   The Panel unanimously determined that the appeal was suitable for submission on the briefs and record pursuant to Rule 8019(b)(3).

Appearances:     Appellant Joseph M. Gately, pro se, on brief;
                 appellee Joni Gately, pro se, on brief.

Before:   TAYLOR, FARIS, and MCKITTRICK,**** Bankruptcy Judges.

**INTRODUCTION**

Chapter 13[1] debtor Joseph Gately appeals from an order denying his motion to avoid a judicial lien under § 522(f)(1). We AFFIRM.

**FACTS**

Prior to the bankruptcy filing, the Debtor and Joni Gately were married for nearly two years.  The Debtor eventually sought marital dissolution in the Family Law Division of the Superior Court of California for the County of Ventura.

Following a trial regarding Joni's[2] assertion of spousal support arrearages and the Debtor's request for modification of his interim support obligations, the family court issued its Ruling on Submitted Matter (the "Ruling").  The Ruling's second paragraph contained an express acknowledgment of Joni's then pending bankruptcy case and the fact that: "[t]he parties [had] agreed that the trial could proceed on the issue of status and

****  The Honorable Peter C. McKittrick, United States Bankruptcy Judge for the District of Oregon, sitting by designation.

[1]  Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[2]  Because Joni Gately retained the surname "Gately," we, for the sake of clarity, refer to her by first name in this bench memorandum.  No disrespect is intended.

spousal support, but not on any other matters." Bk. Dkt. No. 130 at p. 10. The family court then awarded Joni support arrearages, established the duration of the Debtor's support obligation, and reduced the amount of Debtor's monthly support obligation at the halfway point. The Ruling's concluding paragraphs included an acknowledgment that: "[a]s a result of [Joni's] pending bankruptcy, there are certain issues which the family court cannot address." Id. at p. 15.

As relevant to this appeal, the Ruling also awarded attorney's fees and costs to Joni and required payment of $3,500 directly to Joni's divorce attorney, Brian Moore. The Ruling acknowledged that, when considering a fee award, the family court was required by California Family Code § 2032 to determine what was just and reasonable given the relative circumstances of the parties. It then outlined the information relied upon to reach a conclusion in that case; the information expressly included "Income & Expense documentation submitted on behalf of [Joni and the Debtor]." Bk. Dkt. No. 130 at p. 14. The Ruling awarded fees to Joni, concluding that: "[t]o equitably apportion the cost of the pending litigation the court does find that it is just and reasonable to order that [the Debtor] pay for a portion of the fees incurred by [Joni]." Id.

The Debtor did not pay the attorney's fees, a writ of execution issued, and the Ventura County Sheriff's Office levied on the Debtor's wages in the amount of $3,777.90. Unhappy with this development, the Debtor filed a chapter 13 petition and claimed a wildcard exemption on the funds held by the Sheriff.

The Debtor later moved under § 522(f) to avoid what he

3

characterized as the lien held by Joni's counsel.[3]  Although Joni's family court counsel did not oppose the motion, Joni did.[4]  Among other things, she argued that the lien was not subject to avoidance because it secured a claim that was in the nature of spousal support pursuant to § 523(a)(5) and, thus, excluded from avoidance by § 522(f)(1)(A).

At the hearing on the matter, the bankruptcy court denied the Debtor's motion.  Although the Debtor argued that the attorney's fee award was separate and distinct from the spousal support award, the bankruptcy court found that the fee award was a domestic support obligation within the meaning of §§ 523(a)(5) and 101(14A).  It pointed out, in particular, that case law established that an award of attorney's fees made as part of the Ruling was "entitled to the same priority and non-dischargeability as the spousal support itself."  Hr'g Tr. (Mar. 24, 2016) at 4:21-25.

Following the bankruptcy court's entry of an order denying the Debtor's motion to avoid lien, the Debtor timely appealed.

---

[3]  The record does not describe the judicial lien at issue. Perhaps, the judicial lien is an execution lien under California Code of Civil Procedure § 697.710 or a lien created by an earnings withholding order under California Code of Civil Procedure § 706.029.  Joni argued before the bankruptcy court that no lien existed.  She also argued that the Debtor lost title to the funds at issue after levy.  Because Joni does not reassert these arguments on appeal, she has abandoned them and we do not address them.

[4]  A few documents were not included in the excerpts of record.  Thus, we exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy case. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

4

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Whether the bankruptcy court erred in denying the Debtor's motion to avoid a lien pursuant to § 522(f)(1).

**STANDARDS OF REVIEW**

Whether a creditor's judicial lien is avoidable under § 522(f)(1) is a question of law, which we review de novo. McCoy v. Kuiken (In re Kuiken), 484 B.R. 766, 769 (9th Cir. BAP 2013). Whether a debt constitutes a domestic support obligation under the Code is a factual finding, which we review for clear error. See Beaupied v. Chang (In re Chang), 163 F.3d 1138, 1140 (9th Cir. 1998). A factual finding is clearly erroneous if it is illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

**DISCUSSION**

Section 522(f)(1) permits a debtor to avoid the lien of a judgment creditor on exempted property. It states in relevant part that "the debtor may avoid the fixing of a [judicial] lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under [§ 522(b)] . . . ."

To avoid the lien, the debtor must satisfy three conditions: (1) that there was a fixing of a lien on an interest

5

of the debtor in property; (2) that the lien impairs an exemption to which the debtor would have been entitled; and (3) that the lien is a judicial lien. <u>Culver, LLC v. Chiu (In re Chiu)</u>, 304 F.3d 905, 908 (9th Cir. 2002). But § 522(f)(1) specifically excludes some liens including: "a judicial lien that secures a debt of a kind that is specified in [§] 523(a)(5)." <u>See</u> 11 U.S.C. § 522(f)(1)(A).

Section 523(a)(5) excepts from discharge a debt for a "domestic support obligation." In relevant part, that term is defined by the Code as a debt "owed to or recoverable by . . . [a] former spouse . . . in the nature of alimony, maintenance, or support . . ." of the former spouse, by "reason of . . . a separation agreement, divorce decree, or property settlement agreement," and "without regard to whether such debt is expressly so designated . . . ." 11 U.S.C. § 101(14A)(A)-(C)(i). The debt cannot be "assigned to a nongovernmental entity," unless voluntarily assigned by a statutorily designated person. <u>Id.</u> § 101(14A)(D).

Here, the Debtor argues that the bankruptcy court erred in determining that the attorney's fees awarded to Joni in the Ruling were in the nature of spousal support. He contends that the fees constituted "an equalization payment subject to discharge under § 523(a)(15) . . . ." In support of his position, the Debtor asserts that the family court awarded support to Joni under one section of the California Family Code and awarded attorney's fees to her attorney under a different section of the statutory scheme. We disagree with the Debtor's assertions.

6

An award of attorney's fees in a marital dissolution proceeding may be in the nature of a domestic support obligation for the purposes of §§ 523(a)(5) and 101(14A).[5] See Gionis v. Wayne (In re Gionis), 170 B.R. 675, 682-84 (9th Cir. BAP 1994), aff'd, 92 F.3d 1192 (9th Cir. 1996); see also Rehkow v. Lewis (In re Rehkow), 2006 WL 6811011, at *3 (9th Cir. BAP Aug. 17, 2006) ("Cases in the Ninth Circuit and in other circuits customarily have held that attorneys' fees awarded in connection with a dissolution proceeding are non-dischargeable in bankruptcy under § 523(a)(5) as alimony, maintenance, or support."), aff'd, 239 F. App'x 341, 342 (9th Cir. 2007) ("Attorneys' fees . . . fall within the exception for discharge for support obligations.").

Labels in a divorce decree do not control the question of whether a fee award constitutes a domestic support obligation. See In re Gionis, 170 B.R. at 682. Instead, the bankruptcy court "must look behind the state court's award and make a factual inquiry to determine whether the award is actually in the nature of support." Id. at 681.

"What constitutes support within the meaning of [§] 523(a)(5) implicates a number of factors that are potentially relevant on a case-by-case basis to this federal question." Id. at 682. For example, financial need is indicative of support and "[t]he bankruptcy court may look to

---

[5] In 2005, Congress amended § 523(a)(5) and (a)(15) and added § 101(14A). The definition contained in § 101(14A) substantively tracks the prior language in § 523(a)(5). See Rivera v. Orange Cty. Prob. Dep't, 832 F.3d 1103, 1106 (9th Cir. 2016).

7

state law in determining whether the family court intended to base the award on need." Id. Another relevant factor is how the debt is characterized under state law. In re Chang, 163 F.3d at 1140.

Here, the bankruptcy court relied on the Ruling in finding that the family court awarded attorney's fees as spousal support. On this record, its finding was not illogical, implausible, or without support in the record.

First, the family court recognized that, as a result of Joni's bankruptcy, it could decide only issues related to status and spousal support. Given this express recognition in the Ruling, it is implausible that the family court then engaged in a division of assets or took any action with regard to awarding fees that was not correctly characterized as support. Nothing in the record establishes to the contrary.

Second, the Ruling reflects that there was a claim for attorney's fees made by one or both of the parties. Consistent with its duties under California Family Code § 2030(b)(2),[6] the family court considered what was "'just and reasonable under the relative circumstances' of the parties in connection with

_____

[6] California Family Code § 2030(b)(2) provides that:

When a request for attorney's fees and costs is made, the court shall make findings on whether an award of attorney's fees and costs under this section is appropriate, whether there is a disparity in access to funds to retain counsel, and whether one party is able to pay for legal representation of both parties. If the findings demonstrate disparity in access and ability to pay, the court shall make an order awarding attorney's fees and costs.

8

'determining how to apportion the overall cost of the litigation equitably between the parties.'" Bk. Dkt. No. 130 at p. 14. As part of its analysis, the family court considered, among other things, income and expense documentation submitted by both of the parties. It then ordered that the Debtor pay a portion of Joni's fees incurred in the marital dissolution proceeding and directed that the Debtor "pay attorney's fees incurred by [Joni] directly to counsel for [Joni], Mr. Brian Moore, in the amount of $3,500.00." Id.

The plain text of the Ruling makes clear that the fee award was directly related to the fees incurred by Joni during the course of the marital dissolution proceeding and her ability to pay these fees. In awarding fees, the family court considered the disparity in income between the parties and awarded the fees to Joni based on her financial need. This, in turn, constituted an award in the nature of spousal support for the purposes of §§ 523(a)(5) and 101(14A).

Contrary to the Debtor's argument, it is irrelevant that the fee award was payable directly to Brian Moore, Joni's family court counsel. The operative inquiry is whether the obligation was based on the need of the Debtor's ex-spouse. See Bendetti v. Gunness (In re Gunness), 505 B.R. 1, 2, 7 (9th Cir. BAP 2014); In re Gionis, 170 B.R. at 679, 682-684; see also In re Chang, 163 F.3d at 1141. And Joni had standing to object to the exemption; if the Debtor does not pay Mr. Moore, Joni will lose this element of support and will be required to pay herself. The fees are owed to or recoverable by Joni even though they are payable to her attorney because they are

9

reimbursement for her debt to her attorney.

Nor does it matter that the fee award was set forth in a section of the Ruling separate from the determination of ongoing spousal support. The form of the Ruling reflects a common practice in any order or judgment awarding fees and costs.

It is also irrelevant that the family court referred to California Family Code § 2030, et seq. within the fee award section of the Ruling. Sections 4320 and 2030 are not mutually exclusive provisions of the California Family Code. Section 4320 relates to factors the family court must consider in ordering spousal support; section 2030 supplies a basis for an award of fees "[i]n a proceeding for dissolution of marriage . . . and in any proceeding subsequent to entry of a related judgment." Cal. Fam. Code § 2030(a)(1). The need versus ability to pay analysis of § 2030 reflects the analysis required in § 4320 when considering a broader award of spousal support.

Further, the reference to California Family Code § 2030 in the Ruling does not evidence an equalization payment with respect to property division; instead, it relates to the family court's attempt to ensure parity between the former spouses and equal access to legal representation in the marital dissolution proceeding. See Mooney v. Super. Ct. of Santa Cruz Cty., 245 Cal. App. 4th 523, 535–36 (2016) ("The purpose of [a Cal. Family Code § 2030] award is to provide one of the parties, if necessary, with an amount adequate to properly litigate the controversy."); In re Marriage of Cryer, 198 Cal. App. 4th 1039, 1056 (2011) ("The purpose of [California Family Code §] 2030 is to ensure parity. The idea is that both sides should have the

10

opportunity to retain counsel, not just (as is usually the case) only the party with greater financial strength.") (internal quotation marks and citation omitted).

The Debtor's references to In re Lopez, 405 B.R. 382, 384 (Bankr. S.D. Fla. 2009), and In re Spence, 2009 WL 3483741 (Bankr. S.D. Fla. Oct. 26, 2009),[7] are also unavailing. First, neither case is controlling or even particularly helpful as the decisions discuss fee awards under Florida law. Second, in both cases, the fee award involved a sanction based on the debtor's "bad-faith litigation misconduct" during the dissolution proceeding. There is a difference between a typical sanction award, which is not based on financial need, and a fee award, where financial need is central to the analysis. The Ruling did not award fees based on sanctionable conduct.[8]

The Debtor also alleges error in the bankruptcy court's failure to consider two letters from Joni's family court counsel. The bankruptcy court at the hearing told the Debtor that one or both of the letters were not in the evidentiary record before it. This was partially untrue; the Debtor attached one of the letters (dated February 19, 2010) to his reply to Joni's opposition. That error, however, was harmless.

In the February 2010 letter, counsel instructs the Debtor

---

[7] We assume that the Debtor's references in his opening brief are to these two particular cases. He did not provide a citation or other identifying information for either case, other than the singular case name.

[8] Sanctions in a marital dissolution proceeding are imposed under California Family Code § 271.

that he should indicate in the memo line of the check that a payment under the Ruling was for "attorney's fees," rather than "alimony." The Debtor previously made this error. This instruction is not inconsistent with our conclusion that the attorney's fees were in the nature of support under §§ 523(a)(5) and 101(14A).

As far as we can tell, the second letter - dated June 2010 - is not part of the record on appeal. It does not appear that the Debtor presented this letter to the bankruptcy court in connection with his motion to avoid lien. Thus, we do not consider it on appeal. See Graves v. Myrvang (In re Myrvang), 232 F.3d 1116, 1119 n.1 (9th Cir. 2000) ("Absent that rare case where the interests of justice demand it, an appellate court will not consider evidence not presented to the trial court[.]") (citations and internal quotation marks omitted).

Finally, to the extent the Debtor argues that the attorney's fee claim should be disallowed, we reject his argument. The only issue before the Panel for review on this appeal is whether the bankruptcy court erred in denying the Debtor's motion to avoid lien - not whether the claim for attorney's fees should have been disallowed. That implicates an entirely different section of the Bankruptcy Code and is not within the appropriate scope of this appeal.

**CONCLUSION**

Based on the foregoing, we AFFIRM.