

FILED

FEB 11 2022

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ROSA FRIDMAN,<br><br>　　　　　　Debtor. | BAP No. CC-21-1101-LSF<br><br>Bk. No. 8:21-bk-10513-ES |
| KARL AVETOOM,<br>　　　　　　Appellant,<br>v.<br>ROSA FRIDMAN; KARL T. ANDERSON,<br>Chapter 7 Trustee,<br>　　　　　　Appellees. | **MEMORANDUM*** |

Appeal from the United States Bankruptcy Court
for the Central District of California
Erithe A. Smith, Bankruptcy Judge, Presiding

Before: LAFFERTY, SPRAKER, and FARIS, Bankruptcy Judges.

## INTRODUCTION

Appellant Karl Avetoom and appellee Rosa Fridman have been engaged in contentious litigation in state court and bankruptcy court for over a decade. As of the petition date of the current bankruptcy case, Mr. Avetoom held several judgments against Ms. Fridman. She moved to

---

* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

1

avoid the liens created by those judgments on the ground that they impaired her homestead exemption. The bankruptcy court overruled Mr. Avetoom's objections and granted the motion. Mr. Avetoom appeals, asserting among other things that the bankruptcy court erred in finding that Ms. Fridman was entitled to a $600,000 homestead exemption and in avoiding liens where the judgment in question did not create a lien. We AFFIRM.

**FACTS**[1]

## A.    Pre-petition events

### 1.    The HOA and IIED Litigation

In 2009, Moisey and Rosa Fridman were awarded a judgment against The Beach Crest Villas Homeowners Association for $128,821.89 (the "HOA Judgment").[2] Thereafter, the Fridmans assigned the HOA Judgment to their counsel in that litigation, Robert Risbrough of Darling & Risbrough, LLP ("D&R").

In 2011, Mr. Avetoom was awarded a judgment against the Fridmans on his claim for intentional infliction of emotional distress (the "IIED Judgment"). The initial amount of the judgment was $1,000,000; it was later reduced to $650,000.

---

[1] Where necessary, we have exercised our discretion to take judicial notice of the dockets and imaged papers filed in debtor's current and previous bankruptcy case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[2] Mr. Avetoom is (or was) the president of the Beach Crest Villas Homeowners

## 2. The 2012 Bankruptcy

The Fridmans filed a joint chapter 13[3] petition in February 2012. The case was converted to chapter 7 shortly thereafter. During the case, the chapter 7 trustee sold the Fridmans' Newport Beach residence. The bankruptcy court sustained the trustee's § 522(q)(1)(B)(4)[4] objection to the Fridmans' claimed $175,000 homestead exemption, leaving them with an exemption of $146,450. The bankruptcy court further surcharged the exemption by $11,495 to pay the trustee's legal fees arising from the Fridmans' refusal to turn over the property.

In July 2013, the trustee filed a § 727 action against the Fridmans. That adversary proceeding was resolved by entry of a stipulated judgment denying the Fridmans' discharge (the "727 Judgment").

## 3. The Huntington Beach Property

In May 2013, while the 2012 case was still pending, the Fridmans purchased a new residence, a condominium in Huntington Beach, California (the "Property"). The Property was originally titled in the name of Moisey and Rosa Fridman, husband and wife, as to an undivided 68.3% interest, and their son, Alex Fridman, as to an undivided 31.7% interest, all

---

Association.

[3] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "LBR" references are to the Local Bankruptcy Rules for the Central District of California.

[4] That statute limits the amount of an exemption in real property when the debtor owes a debt arising from an intentional tort.

as tenants in common. The Fridmans recorded a homestead declaration for their interest in the Property on May 23, 2013. In October 2013, the Fridmans transferred their interest in the Property into their family trust (the "Trust"). Mr. Fridman passed away on August 14, 2015.

### 4. The Fraudulent Transfer Settlement

In 2015, after obtaining relief from stay in the 2012 bankruptcy case, Mr. Avetoom filed a fraudulent transfer complaint in Orange County Superior Court against Mr. Risbrough, D&R, and the Fridmans, seeking recovery of the HOA Judgment. That litigation was settled in 2019; the superior court entered a judgment memorializing the terms of the settlement in August 2020 (the "Fraudulent Transfer Judgment"), which was recorded in November 2020.

### B. 2021 Bankruptcy Events

Ms. Fridman filed a chapter 7 bankruptcy petition on February 26, 2021. She listed the Property on Schedule A with a total value of $337,687, and the value of her 68.3% interest at $230,640.22. She scheduled no consensual liens against the Property, and she claimed a homestead exemption of $600,000 under California Code of Civil Procedure ("CCP") § 704.730(a).

Shortly after filing her petition, Ms. Fridman filed a motion (the "Motion") seeking to avoid under § 522(f) seven judgment liens, all of which were based on Orange County Superior Court judgments entered in favor of Mr. Avetoom and against the Fridmans or Ms. Fridman

4

(individually or on behalf of the Trust) between 2011 and 2020, including the IIED Judgment and the Fraudulent Transfer Judgment. In the Motion, Ms. Fridman identified the judgment liens by the exception numbers assigned to them on her title insurance policy as of January 6, 2021, as follows:

| Exception Number | Judgment Entry Date | Recording Date | Instrument No. | Case Info |
|---|---|---|---|---|
| 14 | 11/18/11 | 11/18/11 | 2011-00590354 | Karl Avetoom v. Moisey and Rosa Fridman, 30-2010-00345490 (no abstract – judgment is for $500,000) |
| 15 | 11/18/11 | 1/17/12 | 2012-000023845 | Karl Avetoom v. Moisey and Rosa Fridman, 30-2010-00345490 ($1,000,000) |
| 17 | 8/13/14 | 9/30/14 | 2014-000398135 | Karl Avetoom v. Moisey and Rosa Fridman, 30-2010-00345490 ($5,432.97) |
| 15 (amended) | 11/18/11 | 3/11/15 | 2015-000126500 | See No. 15 (judgment reduced to $650,000) |
| 18 | 3/6/15 | 3/11/15 | 2015-000126507 | Karl Avetoom v. Moisey and Rosa Fridman, 30-2010-00345490 ($8,525.50) |
| 21 | 8/13/20 | 11/19/20 | 2020-000673156 | Karl Avetoom v. Rosa Fridman, individually and as trustee for the Fridman Family Trust, 30-2015-00820760 (no abstract – stipulated judgment in fraudulent transfer action, no money damages) |
| 22 | 10/6/20 | 11/19/20 | 2020-000673157 | Karl Avetoom v. Rosa Fridman, as Trustee for the Fridman Family Trust, 30-2015-00820760 ($6,852.33) |

Mr. Avetoom opposed the Motion, arguing that: (1) Debtor could not avoid the liens recorded in 2011 and 2012 (Exception Nos. 14 and 15) because they were recorded before Debtor acquired the Property; (2) the Motion was a collateral attack on a consensual lien arising from the settlement of a fraudulent transfer action (Exception No. 21); (3) the Motion did not provide evidence sufficient to establish that the Property, which is titled in the name of the Trust, was property of the bankruptcy estate;[5] (4) Ms. Fridman had not established her residency and intent to continue to reside at the Property; and (5) the "lien" represented by Exception No. 21 could not be avoided because it was a stipulated judgment in the fraudulent transfer litigation and, under the terms of the stipulation, Ms. Fridman had agreed to the creation of a consensual lien against the Property. Mr. Avetoom did not express any opposition to avoidance of the liens identified under Exception Nos. 17, 18, and 22.

Debtor filed a lengthy reply, which included the sentence, "[n]otably, the Debtor is currently in talks with the Chapter 7 Trustee to sell the residence with a carve out to creditors such that the Property is currently property of the Estate." Ms. Fridman's counsel filed a supporting declaration stating that he had reached out to the chapter 7 trustee to offer

---

[5] The issue of whether the Property was property of the estate was never adjudicated, nor is it an issue in this appeal, but we note that as a general rule the corpus of a self-settled living trust of which the debtor is trustee and beneficiary becomes property of the bankruptcy estate. *See Cutter v. Seror (In re Cutter)*, 398 B.R. 6, 19-20 (9th Cir. BAP 2008).

a carve-out from a potential sale of the Property, but that Mr. Avetoom had rejected any type of settlement. Ms. Fridman's declaration stated that she had no intent of moving out of the Property and that she intended to live in it so long as she held an interest.

Mr. Avetoom also filed a motion to dismiss the bankruptcy case under § 707(a) and (b) with a 180-day bar to refiling, arguing that: (1) the case was filed for an improper purpose because it was a two-party dispute that could be litigated in state court; and (2) the case was filed in bad faith because most of Ms. Fridman's debts were nondischargeable due to the § 727 Judgment, and the case was filed to avoid contempt proceedings in state court.

After issuing a tentative ruling ("Tentative"), the bankruptcy court heard argument on the Motion and the motion to dismiss. The court denied the motion to dismiss for Mr. Avetoom's failure to meet his burden of proof. The bankruptcy court also overruled Mr. Avetoom's objections to the Motion and granted it. Mr. Avetoom timely appealed.[6]

---

[6] The bankruptcy court instructed Mr. Avetoom that if he appealed, he should include the Tentative in the record because it set forth the court's findings and conclusions and analysis. Mr. Avetoom did not do so. At oral argument, he explained that he had requested Ms. Fridman's counsel to attach it to the order, but counsel did not do so; Mr. Avetoom also stated that when he asked the court to include it, he was told that the order had already been signed, so it was too late to attach the Tentative. In the Central District of California, tentative rulings are not docketed, but they are posted on the court's website so they are accessible to the parties. Regardless of why the Tentative is not in the record, and although our review is hampered somewhat by its omission, we exercise our discretion to decide the appeal on the record before us. *See Kyle v. Dye (In re Kyle)*, 317 B.R. 390, 393 (9th Cir. BAP 2004), *aff'd*, 170 F. App'x 457 (9th

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(K). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err in granting the Motion?

## STANDARD OF REVIEW

There are no material disputed facts in this appeal.[7] Accordingly, whether the creditor's judicial liens are avoidable under § 522(f) is a question of law that we review de novo. *McCoy v. Kuiken (In re Kuiken)*, 484 B.R. 766, 769 (9th Cir. BAP 2013). Under de novo review, we look at the matter anew, as if it had not been heard before, and as if no decision had been rendered previously, giving no deference to the bankruptcy court's determinations. *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006).

## DISCUSSION

### A.   Applicable law and appellant's arguments

Section 522(f)(1) provides, in pertinent part, that a debtor "may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—a judicial lien . . . ."

---

Cir. 2006).

[7] Mr. Avetoom alludes to potential factual issues, i.e., Ms. Fridman's intent to continue residing at the Property and the impairment calculations, but he does not assert that the bankruptcy court committed clear error in any of its findings.

8

A debtor may avoid a lien under § 522(f)(1) if three conditions are met: "(1) there was a fixing of a lien on an interest of the debtor in property; (2) such lien impairs an exemption to which the debtor would have been entitled; and (3) such lien is a judicial lien." *In re Kuiken*, 484 B.R. at 769 (citations omitted).

Under the Code,

> a lien shall be considered to impair an exemption to the extent that the sum of—
>
> (i)      the lien;
>
> (ii)     all other liens on the property; and
>
> (iii)    the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

§ 522(f)(2)(A).

A debtor's entitlement to an exemption is determined as of the petition date. *Wolfe v. Jacobson (In re Jacobson)*, 676 F.3d 1193, 1199 (9th Cir. 2012). This is known as the "snapshot rule." *Id*.

Except as discussed below, there is no dispute that the liens sought to be avoided were judgment liens. The evidence showed that the liens sought to be avoided had attached to the Property, the value of Ms. Fridman's interest in the Property was $230,640.22, and she was entitled to a $600,000 homestead exemption. Accordingly, the bankruptcy court did not err in granting the Motion.

Mr. Avetoom lists nine issues on appeal that can be distilled to the following arguments: (1) the bankruptcy court erred in placing the burden of proof on him regarding Ms. Fridman's entitlement to a homestead exemption; (2) the bankruptcy court erred in applying the "snapshot rule" to determine Ms. Fridman's entitlement to a homestead exemption; (3) the bankruptcy court erred in declining to disallow Ms. Fridman's homestead exemption based on "state law defenses"; (4) the bankruptcy court erred in avoiding the 2011 judgment (Exception No. 14) and the Fraudulent Transfer Judgment (Exception No. 21) because neither judgment created a lien; and (5) the bankruptcy court erred in failing to perform individual calculations as to each judgment lien. Mr. Avetoom did not present most of those arguments in the bankruptcy court; rather, he raises a batch of new issues. "We are not obligated to consider arguments raised for the first time on appeal." *Sienega v. Cal. Franchise Tax Bd. (In re Sienega)*, 619 B.R. 405, 411 (9th Cir. BAP 2020) (citation omitted). As discussed below, even if we exercise our discretion to consider them, they are without merit.

**B. Burden of Proof**

Mr. Avetoom argues that the bankruptcy court erred by placing the burden of proof on him with respect to Ms. Fridman's entitlement to a homestead exemption. There are numerous problems with this argument. First, Mr. Avetoom did not raise it in the bankruptcy court. Second, the record does not show that the bankruptcy court placed the burden of proof

10

on him—the court's comments at the hearing regarding the burden of proof pertained to the motion to dismiss, not the Motion.

More importantly, the Bankruptcy Rules provide that at a hearing on a motion to avoid a lien under § 522(f), the **creditor** bears the burden of proving that the exemption is not properly claimed. *Morgan v. FDIC (In re Morgan)*, 149 B.R. 147, 152 n.3 (9th Cir. BAP 1993) (citing Rule 4003(c)). Moreover, under CCP § 704.780(a), the fact that Ms. Fridman had a declared homestead meant that it was Mr. Avetoom's burden to show she was not entitled to the exemption.[8] Ms. Fridman provided a copy of her recorded homestead declaration. Mr. Avetoom does not challenge the authenticity of that document, nor does he dispute that Ms. Fridman lived at the Property as of the petition date.[9] Finally, Ms. Fridman testified in her declaration in support of her reply that she intended to continue to reside at the Property. Even if she had the burden of proof, she met it.

---

[8] That statute provides, in relevant part, "If the records of the county tax assessor indicate that there is a current homeowner's exemption . . . for the dwelling claimed by the judgment debtor . . . , the judgment creditor has the burden of proof that the dwelling is not a homestead."

[9] Although Mr. Avetoom complained that Ms. Fridman's declaration and copy of her recorded homestead declaration were not filed until her reply brief, he does not explain how the court's consideration of that evidence prejudiced him. Nor does he explain why consideration of that evidence was inappropriate given that his opposition had raised the issue of Mr. Fridman's entitlement to the homestead exemption, i.e., her intent to reside in the Property.

**C. The bankruptcy court did not err in applying the "snapshot rule" to determine Ms. Fridman's entitlement to her homestead exemption.**

Mr. Avetoom next argues that the bankruptcy court erred by applying the snapshot rule in finding that Ms. Fridman was entitled to her homestead exemption because she lived at the Property on the petition date and that it further erred by failing to make a finding that Ms. Fridman intended to continue to reside at the Property. He cites *Diaz v. Kosmala (In re Diaz)*, 547 B.R. 329, 336 (9th Cir. BAP 2016), a case involving an automatic homestead, in which we held that "physical occupancy on the filing date without the requisite intent to live there is not sufficient to establish residency." But *Diaz* is factually distinguishable. In that case, the debtor did not reside on the property on the petition date, and we remanded to the bankruptcy court for a determination of his intent to make the property his residence. *Id.* Here, Ms. Fridman lived in the Property as of the petition date, had recorded a declared homestead exemption, and submitted an uncontested declaration that she intended to continue to reside there. Mr. Avetoom has pointed to no contrary evidence.

Next, Mr. Avetoom argues that Ms. Fridman was not entitled to claim the full $600,000 exemption allowed under CCP § 704.730 as of January 1, 2021. He asserts that, under CCP § 704.965,[10] the amount of her

_____

[10] CCP § 704.965 provides:

> If a homestead declaration is recorded prior to the operative date of an amendment to Section 704.730 which increases the amount of the homestead exemption, the amount of the exemption for the purposes of

exemption is limited to the amount allowed under the version of the exemption statute in effect when the homestead declaration was recorded ($175,000) as reduced by the bankruptcy court in the 2012 bankruptcy, or $146,450. Once again, Mr. Avetoom did not make this argument to the bankruptcy court. Moreover, he is wrong.

As noted, a debtor's entitlement to an exemption is determined as of the petition date. *In re Jacobson*, 676 F.3d at 1199. Under California law in effect on the petition date, Ms. Fridman was entitled to a homestead exemption of up to $600,000. This is so despite CCP § 704.965. For bankruptcy purposes, even though she has a declared homestead, Ms. Fridman is nonetheless entitled to the protection of the automatic homestead exemption. *See Katz v. Pike (In re Pike)*, 243 B.R. 66, 69-71 (9th Cir. BAP 1999). In *Pike*, we explained that a property owner may qualify for both a declared and automatic homestead exemption and, while the amounts might well be the same, "the appropriate context for applying each differs." *Id.* at 69. The automatic homestead does not arise absent a forced sale, and "the filing of a bankruptcy petition is the functional equivalent of a forced or involuntary sale under California law, thus allowing a claiming debtor to have the rights, benefits and protections of

---

subdivision (c) of Section 704.950 and Section 704.960 is the increased amount, except that, if the judgment creditor obtained a lien on the declared homestead prior to the operative date of the amendment to Section 704.730, the exemption for the purposes of subdivision (c) of Section 704.950 and Section 704.960 shall be determined as if that

13

the automatic homestead provisions." *Id.* at 70. On the other hand, the declared homestead protects an owner in the event of a voluntary sale. *Id.* Accordingly, in this bankruptcy case, Ms. Fridman is entitled to the exemption amount permitted under the current version of CCP § 704.730.

## D. The bankruptcy court did not err in declining to disallow the homestead exemption on equitable grounds.

Mr. Avetoom argues that the bankruptcy court erred in ruling that it could not deny the homestead exemption on equitable grounds pursuant to *Law v. Siegel*, 571 U.S. 415 (2014). In *Law*, the Supreme Court held that there was no authority to surcharge or deny a federal exemption on a ground not specified in the Bankruptcy Code. 571 U.S. at 416. In subsequent decisions, both the Ninth Circuit and this Panel have recognized that the Supreme Court in *Law* had not foreclosed the possibility of the application of state equitable law, i.e., equitable estoppel, to deny a state law exemption. *Phillips v. Gilman (In re Gilman)*, 887 F.3d 956, 966 (9th Cir. 2018); *Gray v. Warfield (In re Gray)*, 523 B.R. 170, 175 (9th Cir. BAP 2014). California courts have long recognized that equitable estoppel is a ground for disallowance of a homestead exemption. *In re Lua*, 529 B.R. 766, 775 (Bankr. C.D. Cal. 2015), *rev'd and remanded on other grounds, Lua v. Miller (In re Lua)*, 692 F. App'x 851 (9th Cir. 2017).

But even if disallowance or surcharge of the exemption on state law equitable grounds was legally possible, Mr. Avetoom points to no evidence

---

amendment to Section 704.730 had not been enacted.

14

in the record or any basis under California law to disallow the exemption. He relies instead on the bare assertions that the Motion was part of inequitable conduct to transfer property away from creditors, and that Ms. Fridman filed the bankruptcy to get a "head start" rather than a "fresh start." Under these circumstances, his argument fails.

E. **Any error in inclusion of the 2011 judgment and Fraudulent Transfer Judgment in the order granting the Motion was harmless.**

Mr. Avetoom contends that the $500,000 judgment entered in 2011 (Exception 14) and the Fraudulent Transfer Judgment (Exception No. 21) did not create liens because no abstracts were recorded and, under California law, a judgment lien can only be created by recording an abstract of judgment. *See* CCP § 697.310(a) ("Except as otherwise provided by statute, a judgment lien on real property is created under this section by recording an abstract of a money judgment with the county recorder."). *See also O'Neil-Rosales v. Citibank (S.D.) N.A.*, 217 Cal. Rptr. 3d 723, 727-28 (2017) ("In California, mere entry of judgment does not create a real property lien." (citation omitted)).[11] Mr. Avetoom also correctly points out that the Fraudulent Transfer Judgment is not a money judgment.[12] In any

---

[11] California law carves out exceptions to this rule, *see* CCP §§ 697.320(a) and 697.330(a)(2), but none of these exceptions are relevant here.

[12] In the bankruptcy court, Mr. Avetoom argued that as part of the settlement of the fraudulent transfer litigation, Ms. Fridman had agreed to the placing of a lien on the Property, thus creating a consensual lien that could not be avoided. In that context, he argued this case was distinguishable from *Bank of Stockton v. Applebaum (In re Applebaum)*, 162 B.R. 548 (Bankr. E.D. Cal. 1993), in which the bankruptcy court held that a settlement and stipulated judgment in which the debtors consented to the filing

15

event, this argument is much ado about nothing. If Mr. Avetoom does not have liens arising from the two judgments, the portion of the order avoiding them is a nullity, not a prejudicial error.[13]

### F. Under the facts of this case, the bankruptcy court did not need to perform the calculation of each individual lien.

Mr. Avetoom argues that the bankruptcy court erred in ordering avoidance of the liens identified as Exception Nos. 17, 18, and 22 because Ms. Fridman did not file a separate motion for each lien to be avoided, in contravention of LBR 4003-2(b), and because the court did not perform a separate calculation for each lien. He contends that had the court done so, it would have found that the liens represented by the listed exceptions would not have impaired Ms. Fridman's homestead exemption. He reaches

---

of an abstract of judgment gave rise not to a security interest, but to a judicial lien that could be avoided under § 522(f). He has abandoned the former argument in this appeal, but he still complains that the bankruptcy court failed to consider his interpretation of *Applebaum*.

Although there was a reference to the creation of a lien at the state court hearing, the Fraudulent Transfer Judgment did not so provide, nor did anyone take steps to record a lien thereafter. During the pendency of this appeal, the bankruptcy court granted relief from stay for the state court to make a finding regarding whether Ms. Fridman had agreed to create a consensual lien against the Property in the settlement of the fraudulent transfer litigation. The state court found insufficient grounds to modify the Fraudulent Transfer Judgment.

[13] With respect to the Fraudulent Transfer Judgment, Ms. Fridman requests that if the Panel does not "find" it to be a lien, that any "judgment" "specifically affirm as follows: That the instrument recorded in the Official Records of Orange County on November 19, 2020 as Instrument Number 2020-000673156 does not constitute a lien and has no force or effect to encumber or otherwise give Creditor Karl Avetoom any rights in the [Property]." But, as pointed out to appellee's counsel at oral argument, the Panel does not make findings.

this conclusion by using an exemption amount of $146,450. As with most of the other arguments presented in this appeal, Mr. Avetoom did not raise this issue in the bankruptcy court. He is also wrong. As discussed above, we find no error in the bankruptcy court's conclusion that Ms. Fridman was entitled to a $600,000 homestead exemption. And given that the amount of her exemption vastly exceeds the value of her interest in the Property, a separate calculation for each lien was not required.

## CONCLUSION

For all these reasons, the bankruptcy court did not err in granting the Motion. We AFFIRM.[14]

---

[14] Ms. Fridman also asks that we dismiss this appeal based on Mr. Avetoom's admitted submission of fabricated documents in the bankruptcy court in a related adversary proceeding. But that question is not before us.